# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MATTHEW JENSEN,
     Plaintiff,

     v.

MARLENE RUBIN, et al.,
     Defendants.

No. 3:21-cv-482 (SRU)

## OMNIBUS RULING ON PENDING MOTIONS

Matthew Jensen, proceeding *pro se*, alleges that the Social Security Administration ("SSA") wrongfully determined that he had been overpaid benefits, then wrongfully recouped the overpayment via deductions from his benefits. He believes that the SSA and banks facilitating the recoupment deductions forged paperwork to indicate that he had been overpaid. Legally, I construe his complaint to allege that the SSA wrongfully determined that he had been overpaid, discriminated against him on the basis of his disability, and committed the tort of fraud; and that the banks committed common law fraud against him. The defendants have moved to dismiss Jensen's complaint for failure to plead with particularly, failure to state a claim, and for lack of jurisdiction. In this order, I address the defendants' motions to dismiss as well as the other pending motions in this proceeding.

## I.     Background

### A.   Legal Background

Under the Social Security Act ("the Act"), the Commissioner of the SSA has the authority to determine when the agency has overpaid a beneficiary and act to recoup the difference between the amount paid and the amount to which the beneficiary was entitled. 42 U.S.C. §§ 404 (regarding Social Security Disability Insurance ("SSDI")), 1383(b)(1)(A)

(regarding Supplemental Security Income ("SSI"), authorizing "proper adjustment or recovery" via "appropriate adjustments in future payments to such individual or by recovery from such individual"); 20 C.F.R. §§ 404.501(a), 416.535(a), 416.570(a).

The Commissioner, however, is not permitted to recover the amount overpaid in certain circumstances.  42 U.S.C. §§ 404(b)(1), 1383(b)(1)(B).  Using the procedures set forth in regulation, a beneficiary may request and obtain a waiver of recovery if he was without fault in causing the overpayment or if repayment would cause a sufficient hardship.  42 U.S.C. §§ 404(b)(1), 1383(b)(1)(B); 20 C.F.R. §§ 404.502a, 404.506, 416.550.  Notably, a waiver may not guarantee that the beneficiary's full benefits will be reinstated.  Rather, when the Commissioner determines that withholding the full monthly benefit payment would impose a hardship by, *e.g.*, "depriv[ing] the person of income required for ordinary and necessary living expenses," the SSA may withhold a part of the monthly benefit in an amount "not less than $10."  20 C.F.R. § 404.502(c) (SSDI).  The Commissioner may also apply cross-program recovery, collecting on an overpayment of Title II benefits (SSDI) by withholding from, *inter alia*, benefits under Title XVI (SSI).  *Id.* §§ 404.530, 416.572.

If the waiver request is denied, the beneficiary may seek reconsideration.  20 C.F.R. §§ 404.502a, 416.557.  A beneficiary may appeal an adverse reconsideration decision in a hearing before an Administrative Law Judge ("ALJ"), then appeal an adverse ALJ decision to the Social Security Appeals Council.  *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019).  Only after exhausting all of these remedies— (1) the initial determination of eligibility for a waiver of recovery, (2) reconsideration, (3) a hearing before an ALJ, and (4) review of the ALJ's decision before the Appeals Council— is the SSA's overpayment determination eligible for judicial review.  *Id.*; 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4).

B.  Factual Background

Matthew Jensen ("Jensen") is an individual with a disability.  Compl., Doc. 1-1 at 3.

Although he once had a conservator and/or representative-payee, Jensen now manages his own

affairs.  *Id.*  He receives "benefits" from the SSA, which I construe are SSDI benefits, *id.* at 5,

and SSI benefits, Doc. No. 88 ("[A] recent request of a copy of my current monthly benefit for

December 2021, shows my Social Security benefit being the amount $507.00, and my

Supplemental Security Income being 354.00 dollars.").

Marlene Rubin ("Rubin") is a Case Manager at the SSA who has worked with Jensen.

Andrew M. Saul was the Commissioner of the SSA ("Commissioner") until on or about July 9,

2021, when Dr. Kilolo Kijakazi became Acting Commissioner.  Collectively, Rubin, Saul, and

Kijakazi are the "Federal Defendants."

Jensen receives or has received benefit payments through direct deposits at several banks

where he currently or previously maintained accounts.  Michael Asmerom ("Asmerom") was the

manager of the TD Bank branch, Doc. No. 1-1 at 1, where Jensen maintained an account until

April 10, 2017, Doc. No. 24.  Mark Odyniec ("Odyniec") was the manager of a People's Bank

branch, Doc. No. 1-1 at 1, where Jensen maintained an account until either November 25, 2016

or June 8, 2017, Doc. No. 25.  Rolando Rodriguez ("Rodriguez") was the manager of a Bank of

America branch where Jensen maintains or once maintained an account.  Doc. No. 1-1 at 1.

Asmerom, Odyniec, Rodriguez, and their respective employers are collectively "the Bank

Defendants."

Sometime in 2016 through 2018, the Commissioner determined that Jensen had been

overpaid benefits and owed the SSA $1,578.00.  *Id.* at 3.  The SSA deducted $75 per month from

Jensen's benefits.  *Id.*  At first Jensen "agreed" that he had been overpaid, but he later "found

out" that he "did not owe any money to Social Security."  *Id.*  He alleges that the Commissioner

"avoid[ed] an overpayment," which he appears to attribute to "earn[ing work] credits," and thus "false[ly] . . . accuse[d]" him of being overpaid.  *Id.*

Jensen implies that he monitors his financial affairs by reviewing financial statements from the banks.  Beginning in 2016, Jensen's financial statements indicated receipt of varied amounts of benefits, always less than he had been expecting.  From the varied deposits, Jensen concluded that the banks at which he received direct deposits had "forg[ed]" his financial information.  *Id.* at 4.  He "believe[s]" that the Commissioner directed the banks to generate false financial information indicating that he been overpaid so the Commissioner would be justified in "ste[a]ling money from [him]."  *Id.*

Jensen further alleges that the Commissioner continued to deduct $10 each month from his state benefits all throughout 2020.  *Id.* at 5.  In all, the Commissioner "fraud[ulently]" took $11,304 until Jensen wrote a letter appealing the deductions.  *Id.*  His benefits were later restored in full.  *Id.*  Jensen does not describe the appeal process he underwent with any specificity in his complaint, and he does not include any appeal-related documentation.

As relief, Jensen appears to seek the $11,304 he alleges the SSA owes him for the recoupment.  *Id.* at 6.

C.  Procedural History

On or about March 24, 2021, Jensen filed the instant complaint in Connecticut Superior Court.  Compl., Doc. No. 1-1; *Jensen v. Rubin, et al.*, Docket No. NNH-CV21-5050180-S (Conn. Sup. Ct.).  In it, based on the aforementioned factual allegations, Jensen alleged that the SSA "took advantage of [his] disability" by withholding benefits and that the Bank Defendants had forged his financial statements.  *Id.* at 3.  He brought "charges of fraud against the Social Security Administration, Peoples United Bank, TD-Bank, and Bank of America."  *Id.*

Shortly thereafter, on April 6, 2021, Rubin removed the case to federal court. Doc. No. 1. In addition, Rubin moved to substitute the Commissioner of Social Security as the named defendant. Doc. No. 3.

On June 30, 2021, Jensen filed a document labeled a "new complaint" against Rubin. Doc. No. 39. The Federal Defendants moved to strike the purported amended complaint. Doc. No. 42. On December 3, 2021, I held a status conference with Jensen and the Federal Defendants in which Jensen made clear that he did not intend for Document 39 to be a superseding amended complaint. Doc. No. 83. Accordingly, I ordered the Clerk to reclassify the document as a notice, denied the Federal Defendants' motion to strike, and reinstated the original complaint, Doc. No. 1-1. *See* Doc. No. 84.

Throughout the spring and summer, the defendants each moved to dismiss Jensen's original complaint: TD Bank Manager Michael Asmerom, Doc. No. 15, on April 13, 2021; People's Bank Manager Mark Odyniec, Doc. No. 18, on April 19, 2021; the Federal Defendants, Doc. No. 28, on May 5, 2021; and Bank of America Manager Rolando Rodriguez, Doc. No. 33, on May 22, 2021. The Bank Defendants argued that Jensen's complaint failed to meet the Rule 9(b) pleading standard for allegations of fraud and failed to state a claim for relief under Rule 12(b)(6). Docs. No. 15, 18, 33. The Federal Defendants similarly argued that Jensen failed to state a claim and, further, that this Court lacks jurisdiction because Jensen failed to exhaust administrative remedies. Doc. No. 28. Jensen responded to the motions. Docs. No. 24-27, 35, 37-38. Several of the defendants replied. Docs. No. 31, 32. On December 22, 2021, I held a remote hearing with Jensen and the defendants regarding the motions to dismiss. Doc. No. 89.

Jensen has also filed various evidentiary motions. *See* Docs. No. 17 (motion to enter an audio recording into the record); Doc. No. 40 (motion for a subpoena for audio of a Social

Security telephone voice recording); Doc. No. 41 (motion for a subpoena for Social Security paperwork); Doc. No. 48 ("a motion to quash"); Doc. No. 53 (motion for subpoena for Social Security paperwork); Doc. No. 54 (motion for a subpoena for Bank of America paperwork). The Federal Defendants moved to stay all discovery until after the motions to dismiss was decided. Doc. No. 45. I agreed; on October 21, 2021, I ordered a stay of discovery during the pendency of the motions to dismiss. Doc. No. 63. In the interim, because of the stay, I withheld from ruling on Jensen's pending evidentiary motions.

Finally, I addressed other miscellaneous motions including but not limited to Jensen's effort to add his friend Tanya Torres as a plaintiff in this action. *See* Docs. No. 72, 76, 82.

D. Pending Motions

There are thirteen pending motions in this case, summarized below:

- Rubin's Motion to Substitute Party, Doc. No. 3;

- The motions to dismiss: TD Bank's Motion to Dismiss, Doc. No. 15; People's Bank's Motion to Dismiss, Doc. No. 18; Bank of America's Motion to Dismiss, Doc. No. 33; and the Federal Defendants' Motion to Dismiss, Doc. No. 28;

- The evidentiary motions: Jensen's Motion for Subpoenas of State Conversations, Doc. No. 40; Jensen's Motion for Subpoena of SSA Paperwork, Doc. No. 41; Jensen's Motion to Quash, Doc. No. 48; Jensen's Motion for Subpoena of TD Bank Paperwork, Doc. No. 52; Jensen's Motion for Subpoena of Social Security Paperwork, Doc. No. 53; and Jensen's Motion for Subpoena of Bank America Paperwork, Doc. No. 54; Motion for Subpoena for Audio Telephone Recordings, Doc. No. 58; and

- The motion for reconsideration: Jensen's Motion for Reconsideration regarding my denial of his motion to add a party, Doc. No. 82 (referencing Docs. No. 72 and 76).

## II.    Standard of Review

### A.  Motions to Dismiss

#### 1.  *Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.*  A party that moves to dismiss for lack of subject matter jurisdiction "may refer to evidence outside the pleadings." *Id.*

#### 2.  *Rule 12(b)(6)*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

## B. Motion for Reconsideration

"The standard for granting [ ] a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up).

## III.    Discussion

Jensen's *pro se* complaint does not address any law, but I construe his claims "liberally" and interpret them to "raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal citations omitted). Accordingly, I construe them as follows. First, with respect to the Federal Defendants, Jensen alleges that the SSA wrongfully determined that he had been overpaid and was subject to recovery pursuant to 42

U.S.C. § 1383(b)(1)(A); treated him discriminatorily based on his disability, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and SSA regulations; and fraudulently forged his financial statements, in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 2401 *et seq*.  Second, the Bank Defendants committed state common law fraud.

A. The Federal Defendants' Motions

1. *The Federal Defendants' Motion to Dismiss*

For the reasons set forth below, I agree with the Federal Defendants that Jensen's complaint "arises under" the Social Security Act, he has not alleged that he exhausted administrative remedies, and this Court consequently lacks jurisdiction.  Fed. Defs.' Mem. of Law, Doc. No. 28, at 4.  Further, I agree with the Federal Defendants that this Court lacks jurisdiction under the derivative jurisdiction doctrine.  *Id.* at 5.  Accordingly, I grant the Federal Defendants' motion to dismiss.

a. Jensen's Social Security Act Claims

The Federal Defendants construe Jensen's complaint as merely challenging the SSA's determination that he had been overpaid benefits.  *See* Doc. No. 28-1 at 2 ("To the best of federal defendants' knowledge, plaintiff seeks to challenge an SSA decision that charged him with a social security benefit overpayment.").  I do not entirely agree; I also identify allegations of disability discrimination and fraud.  Nevertheless, I agree with their conclusion that Jensen's claims all "arise under" the Social Security Act ("the Act") and must therefore comply with the requirements set forth in 42 U.S.C. § 405(g).

Congress has limited the jurisdiction of claims relating to Social Security benefits, providing that "[n]o action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [the Social Security

9

Act]."  42 U.S.C. § 405(h).  A claim "arise[s] under" the Social Security Act when the Act

"provides both the standing and the substantive basis" for the claim, *Weinberger v. Salfi*, 422

U.S. 749, 760–61 (1975), or is "inextricably intertwined" with a claim for SSA benefits, *Heckler*

*v. Ringer*, 466 U.S. 602, 614 (1984).   In other words— regardless of a claim's constitutional,

statutory, or evidentiary basis— it nevertheless arises under the Act when (1) a plaintiff seeks a

benefit from the SSA, including a monetary benefit; (2) the agency renders an adverse

determination regarding the benefit; and (3) the individual challenges the adverse determination.

*See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10, 13-14 (1999).

### i.   Wrongful Recovery of Overpayment and Disability Discrimination

*First*, to the extent Jensen alleges that the SSA wrongfully determined he had been

overpaid and recovered benefits that Jensen now seeks to have reimbursed, Jensen seeks "a

monetary benefit from the agency" and states a claim arising under the Act.  *Id.* at 10.

Here, the limited factual allegations appear to correspond to the SSA's powers to

determine that a beneficiary received an overpayment, recoup the overpayment through benefits

deductions, and recover overpayment in one program (SSDI) by taking from benefits in another

(SSI).  He says that the SSA determined that he had been overpaid $1,578 and began deducting

$75 per month from his benefits.  Doc. 1-1 at 3.  He later "found out" that he "did not owe" the

SSA because it had "avoid[ed] an overpayment."  *Id.*  Although it is not entirely clear what

Jensen means, I infer that he argues that he satisfied his responsibility to repay the overpayment

by earning work credits, and the SSA nevertheless continued to deduct repayment from his

subsequent benefits.  Jensen further alleges that the SSA continued to deduct $10 per month, the

statutory minimum, from his state SSI benefits all throughout 2020, until he wrote an appeal

letter and his benefits were restored in full.  *Id*. at 5.  Taken together, he describes an

overpayment determination, recoupment, cross-program recovery, and (if anemically) an administrative appeal.  In other words, Jensen presents a routine challenge to the agency's overpayment determination and recovery process.  Accordingly, Jensen's overpayment and recoupment challenge "arises under" the Social Security Act.

*Second,* Jensen conclusorily asserts that the SSA discriminated against him on the basis of disability.  Doc. 1-1 at 3 (the "Social Security Administration has taken advantage of my disability").  Although I construe Jensen's disability discrimination claim as relating to Section 504 of the Rehabilitation Act and federal regulations requiring the SSA to treat recipients of federal benefits in a nondiscriminatory fashion, the claim nevertheless "arises under" the Act.

Title V of the Rehabilitation Act of 1973 ("Rehabilitation Act") provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, . . . be subjected to discrimination . . . under any program or activity conducted by any Executive agency," including the SSA.  29 U.S.C. § 794.  In addition, the SSA is bound by regulations of the United States Department of Health and Human Services promulgated under Section 504 of the Rehabilitation Act, *see* 45 C.F.R. §§ 85.1 *et seq.*, proscribing discrimination on the basis of disability.  Nevertheless, under *Shalala*, claims raised pursuant to the Rehabilitation Act and federal nondiscrimination regulations that inextricably relate to an individual's Social Security benefits still "arise under" the Act.  *See Shenk v. Soc. Sec. Admin.*, No. 12-CV-4370 SLT, 2012 WL 5196783, at *10 (E.D.N.Y. Oct. 19, 2012); *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1145 (N.D. Cal. 2007).

Jensen says that he experienced disability discrimination, but he makes no factual allegations describing any specific instances of maltreatment based on disability.  Instead, he seeks reimbursement of his recovered benefits outside of the normal administrative procedures.

*Cf. Amin v. Colvin*, 301 F. Supp. 3d 392, 396 (E.D.N.Y. 2018).  His discrimination allegations are part and parcel with his claim for benefits, and they are therefore subject to the Act's jurisdictional limitations.

      ii.  <u>Exhaustion of Administrative Remedies</u>

The Federal Defendants argue that Jensen has not pleaded that he satisfied the Act's exhaustion requirements.  Doc. No. 28-1 at 4.  Jensen asserts that he "filed an appeal letter" and, "shortly after," his income was "changed to the full amount."  Doc. No. 1-1 at 5.  But Jensen himself admits that he failed to obtain a final decision of the Appeals Council, and I am therefore bound to conclude that he has not exhausted administrative remedies.

Claims arising under the Social Security Act may be heard in district court only pursuant to the scope of judicial review provided for in the Act.  *Shalala*, 529 U.S. at 10.  In Section 405(h), Congress channeled review of Social Security appeals by providing that section 405(g) is the exclusive means by which a beneficiary may challenge the findings of fact or decisions of the Commissioner of Social Security.  42 U.S.C. §§ 405(g)-(h).  Thus, section 405(g) is the exclusive remedy to challenge overpayment determinations.  *E.g.*, *Hearns v. Sullivan*, No. 92-CV-6187L, 1992 WL 360545, at *2 (W.D.N.Y. Sept. 23, 1992) (construing a claim for "reconsideration" that the "SSA had overpaid benefits to him and that he would be required to repay the overpayment" as subject to 42 U.S.C. § 405(g)).

As a result, for this Court to have jurisdiction over Jensen's claim for reimbursement for recovered benefits, he must have first abided by the requirements of section 405(g): "(1) a final decision of the [Commissioner] made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the [Commissioner] may allow); and (3) filing of the action in an appropriate district court, in

general that of the plaintiff's residence or principal place of business." *Salfi*, 422 U.S. at 763-64. But "[i]f a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases." *Sims v. Apfel*, 530 U.S. 103, 107 (2000).  In other words, "[w]ithout a final decision, this Court does not have subject matter jurisdiction" and cannot evaluate the merits of the plaintiff's case.  *Echeandia v. Berryhill*, No. 3:18 CV 42 (JGM), 2018 WL 1951132, at *3 (D. Conn. Apr. 25, 2018) (citation omitted).

This Court lacks jurisdiction because Jensen did not satisfy the first requirement, a final decision from the SSA.  It was initially difficult to determine whether Jensen had sought Appeals Council review.  Jensen did not provide a copy of an Appeals Council decision—or any other documentation— with his complaint.[1]  Beyond asserting that he sent a letter appealing the deductions, the complaint did not include any other factual allegations about an appeal.[2]  And Jensen did not state that he contests a final decision of the Commissioner denying a waiver of overpayment, unlike other Social Security claimants.  *Cf. Hannon v. Barnhart*, 134 F. App'x 485, 486 (2d Cir. 2005) (summary order) ("challenging the determination of the Commissioner

---

[1] Failure to include the Appeals Council decision, without more, is considered sufficient to warrant dismissal for lack of jurisdiction in the District of Connecticut.  The District's Social Security Complaint form— which Jensen did not use in filing this *pro se* complaint— directs plaintiffs challenging Social Security decisions to attach a copy of the decision of the Appeals Council.  This Court repeatedly warns Social Security claimants that their case will be dismissed for failure to docket a copy of the decision of the Appeals Council, construed as evidence of failure to exhaust administrative remedies.  *See, e.g.*, *Otero v. Social Security*, Dkt. No. e18-cv-305 (JCH) (SALM), Doc. No. 13 (D. Conn. Aug. 1, 2018), *recommended ruling adopted* Doc. No. 14 (D. Conn. Aug. 13, 2018); *Hendricks v. Commissioner of Social Security*, Dkt. No. 3:18-cv-00823 (VLB), Doc. No. 10 (D. Conn. May 23, 2018) ("Although plaintiff filed a copy of the ALJ's decision. . . , she has not filed a copy of the Appeals Council's decision.  The Court is therefore unable to determine whether the Commissioner's decision is final, and therefore, whether this Court has subject matter jurisdiction over this action."); *Morales v. Commissioner of Social Security*, Dkt. No. 3:14-cv-1103 (RNC), Doc. No. 5 (D. Conn. Aug. 11, 2014) ("Failure to attach a copy of the decision of the Appeals Council to the amended complaint may result in dismissal of the complaint for failure to exhaust administrative remedies.").  In this case, because Jensen did not file a complaint on the Social Security Appeals form, he did not receive this notice.  Accordingly, it is inappropriate to dismiss his claim on this basis alone.

[2] The Second Circuit has affirmed district courts' decisions to dismiss Social Security appeals where a plaintiff fails to plead exhaustion of administrative remedies.  In *Dunn v. Commissioner of Social Security*, a case on which the government relies, the Second Circuit rejected a Social Security claimant's "boilerplate" allegation that she "appealed a final decision" where she failed to attach a final decision to her complaint.  832 F. App'x 62, 64 (2d Cir. 2020).  After a fact-based analysis, the Second Circuit reasoned that Dunn's "lack of exhaustion was apparent" and affirmed the District Court's dismissal for lack of jurisdiction.  *Id.*

. . . that Hannon is liable for overpayments of disability benefits").  But whatever uncertainty I

once possessed was resolved in the December 22, 2021 hearing.[3]  There, Jensen described

making numerous telephonic complaints about his benefits but, when asked directly, admitted

that he did not go through the Social Security Administration's formal complaint process.

Rather, he explained, he had not appealed to the Appeals Council because he had not been given

the option to do so.  His admission that he has not sought a Final Decision from the Appeals

Council means that he has not exhausted administrative remedies as required.

Accordingly, on the facts alleged in Jensen's complaint and his clarifying comments at

the hearing, I must dismiss his wrongful overpayment determination and disability

discrimination claims for lack of jurisdiction.

b.  Jensen's Federal Tort Claims Act Claims

I construe Jensen's Complaint as stating a claim for fraud, a classic tort, under the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq*.  Specifically, Jensen alleges that

the SSA's overpayment determination and subsequent recoupment deductions were predicated

on financial statements forged in concert by the SSA and banks.  *See* Doc. 1-1 at 3-5.  Jensen

received the benefits payments through direct deposit via his bank accounts— and, thus, the

reduced benefit payments were also received through his bank accounts.  Jensen "believe[s]" that

the SSA directed the banks to generate false financial information indicating that he had a debt

so that the Commissioner would be justified in "ste[a]ling money from [him]."  *Id.* at 4.

---

[3] No formal transcript of the hearing was requested.  Accordingly, I rely on the draft transcript.

       i.   <u>Fraudulent Recoupment of Benefits</u>

To the extent Jensen challenges fraudulent recoupment of benefits, his claim "arises under" the Social Security Act and is not cognizable.  Under the Federal Tort Claims Act, the United States has "waived sovereign immunity to tort claims under limited circumstances;" thus, it is "generally the exclusive avenue by which a claimant may sue the government or its agents in tort for money damages."  *Moure v. Comm'r of Soc. Sec.*, Dkt. No. 3:19-cv-1231 (JCH), Doc. No. 25, *report and recommendation adopted*, Doc. No. 29 (Oct. 7, 2019) (quoting *Shmueli v. Comm'r of Soc. Sec.*, No. 17CV3734(VB)(JCM), 2018 WL 4403279, at *5 (S.D.N.Y. July 19, 2018) (cleaned up), *report and recommendation adopted*, 2018 WL 4387556 (Sept. 14, 2018); *see also* 28 U.S.C. § 2674.  However, "Section 405(h) [of the Social Security Act] expressly forecloses FTCA claims against the Government . . . based upon the wrongful withholding of benefits under the Social Security Act."  *Id.* (quoting *Papadopoulos v. Astrue*, No. 10CV7980 (RWS), 2011 WL 5244942, at *11 (S.D.N.Y. Nov. 2, 2011)).  Under Section 405(h), Jensen cannot state a claim of fraud against the SSA for wrongful determination of overpayment leading to fraudulent recoupment.

Accordingly, to the extent that Jensen challenges fraudulent recoupment of benefits, I dismiss his claim with prejudice.

       ii.   <u>Fraudulent Financial Statements</u>

To the extent Jensen's claim addresses allegedly forged financial information, he does not plead with sufficient particularity pursuant to Federal Rule of Civil Procedure 8— and therefore, he cannot satisfy the heightened standard required for claims of fraud pursuant to Federal Rule of Civil Procedure Rule 9(b).  *See Iqbal*, 556 U.S. at 678.

Here, Jensen provides no factual allegations in the complaint from which the Court could reasonably conclude that his paperwork had been forged.  Instead, he appears to have evaluated his financial statements and made an inference that fraud occurred.  In other words, Jensen made a factually unsupported legal conclusion.  The Court does not owe that conclusion deference, and Jensen does not carry his burden of providing sufficient factual allegations.

Accordingly, to the extent that Jensen challenges the SSA's conduct in creating fraudulent financial statements, I dismiss his claim without prejudice.

c.   Derivative Jurisdiction

The Federal Defendants further argue that the derivative jurisdiction doctrine deprives this Court of subject matter jurisdiction over Jensen's claims.  Doc. No. 28-1, at 5.  Because I conclude that all three claims against the Federal Defendants arise under federal law channeled by Congress to the federal courts, I agree that the derivative jurisdiction doctrine bars this Court from obtaining jurisdiction after the Federal Defendants removed this case.

Section 1441 permits defendants to remove a case from state to federal court.  28 U.S.C. § 1441.  But the federal court's jurisdiction over a removed claim is derivative.  As the Supreme Court explained in *Lambert Run Coal Company v. Baltimore & Ohio Railroad Company.*:

> As the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal.  The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

258 U.S. 377, 382 (1922).  Thus, even where the subject matter of a lawsuit would otherwise confer federal jurisdiction, the fact that the suit was originally brought in a state court lacking subject matter jurisdiction and was then removed means that the federal court "acquires no[]"

subject matter jurisdiction. *Cohen v. Postal Holdings, LLC*, No. 3:14CV800 AWT, 2015 WL 225051, at *2 (D. Conn. Jan. 15, 2015) (cleaned up).

Here, I agree that this Court lacks subject-matter jurisdiction under the derivative jurisdiction doctrine, because the Connecticut Superior Court lacked subject-matter jurisdiction over Jensen's claims against the Federal Defendants.  Jensen challenges an SSA overpayment determination and seeks reimbursement for recouped benefits, claims arising under the Social Security Act that are exclusively reviewable in federal court.  Because I also conclude that his claim sounding in fraud arises under the Federal Tort Claims Act, it is also subject to exclusive federal jurisdiction.  Taken together, the Connecticut Superior Court lacked jurisdiction over his legal claims against the Federal Defendants.  Under the derivative jurisdiction doctrine, then, this Court did not acquire jurisdiction when the case was removed to federal court.

In sum, I dismiss Jensen's claims against the Federal Defendants without prejudice for lack of jurisdiction.

2.   *The Motion to Substitute*

Rubin, a manager in the Social Security Administration, moves to be terminated as a defendant and replaced by then Commissioner of the Social Security Administration Andrew Saul.  Doc. No. 3.  In Rubin's view, Jensen only brings this action to contest the Commissioner's overpayment determination.  *Id.* at 1.  Thus, she construes that Jensen brings this action pursuant to 42 U.S.C. § 405(h) and posits that the Commissioner is the proper defendant.  Because I conclude that Jensen's claims arise under the Social Security Act, I agree.

Regulation provides that when a civil action is brought pursuant to section 205(g), the Commissioner "shall, in his official capacity, be the proper defendant."  20 C.F.R. § 422.210.  In addition, "[c]ourts have consistently interpreted 42 U.S.C. § 405(g) . . . to mean that in cases

17

seeking judicial review under this statute, the only proper defendant is the Commissioner."

*Nichols v. Colvin*, No. 1:14CY536, 2015 WL 4656484, at *8 (M.D.N.C. Aug. 5, 2015)

(collecting cases).  Although the Second Circuit has not yet ruled on this issue, it has favorably

regarded district court decisions that have held that the Commissioner is the only proper

defendant.  *Langella v. Bush*, No. 03-CV-5114, 2004 WL 2668400, at *4 (S.D.N.Y. Nov. 22,

2004) (noting "the Commissioner is the only proper defendant in a case seeking judicial review

pursuant to Section 405(g)"), *aff'd*, 161 F. App'x 140 (2d Cir. 2005).

Here, as I have explained, Jensen's claims arise under the Social Security Act.

Accordingly, I grant Rubin's motion to substitute.  I dismiss all claims against Rubin with

prejudice.

### B.  The Bank Defendants' Motions to Dismiss

Jensen also states claims sounding in fraud against the Bank Defendants, which I

construe as arising under state law.  In turn, the Bank Defendants each move to dismiss Jensen's

complaint.  TD Bank Defs.' Mot. to Dismiss, Doc. No. 15, at 1; People's Bank Defs.' Mot. to

Dismiss, Doc. No. 18, at 1; Bank of America Defs.' Mot. to Dismiss, Doc. No. 33, at 1.  Because

I have no independent basis for jurisdiction over Jensen's state law claims and have dismissed

the Federal Defendants' claims potentially providing a basis for supplemental jurisdiction, I

conclude that I lack jurisdiction over Jensen's claims against the Bank Defendants and grant their

motions to dismiss.

*First*, Jensen's lawsuit does not present a federal question.  Section 1331 declares that

"district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the well-pleaded complaint rule

set forth in *Louisville & Nashville R. Co. v. Mottley*, a suit generally "arises under" federal law

"only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." 211 U.S. 149, 152 (1908). But common law fraud is a state law cause of action; therefore Jensen's common law fraud claims do not establish federal question jurisdiction.

*Second*, there is no basis for diversity jurisdiction. A district court will only have diversity jurisdiction in all civil action between citizens of different states and where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The pleadings provide no information regarding the defendants' citizenship, and thus I have no basis to conclude that the parties are completely diverse. Moreover, Jensen only appears to seek the $11,304 he alleges the SSA owes him for the recoupment. Compl., Doc. No. 1-1 at 6. Therefore, his complaint does not satisfy the amount-in-controversy requirement.

*Third*, I cannot exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." But I lack jurisdiction over Jensen's federal claims against the federal defendants. Thus, I never had original jurisdiction over this action.

Because I lack jurisdiction over Jensen's state law claims against the Bank Defendants, I grant the Bank Defendants' motions to dismiss and dismiss Jensen's claims against the Bank Defendants without prejudice.

C. Evidentiary Motions

On October 21, 2021, I ordered a stay of discovery until the motions to dismiss were decided. Doc. No. 63. Accordingly, I declined to rule on Jensen's pending evidentiary motions: three pending evidentiary motions related to the Federal Defendants— a "Motion for Subpoenas of State Conversations," Doc. No. 40; two "Motion[s] for Subpoena of SSA Paperwork," Docs.

No. 41 and 53; and one Motion for Subpoena for Audio Telephone Recordings, Doc. No. 58—

and two pending motions for subpoenas directed at the Bank Defendants, Docs. No. 52 (TD

Bank), 54 (Bank of America).  Now that I have addressed the motions to dismiss, the stay is

lifted.  However, because I have dismissed all claims in this action, I deny Jensen's evidentiary

motions.

In addition, regarding the "motion to quash," Doc. No. 48, I dismiss the motion as moot.

The relief sought is unclear.  If anything, that perplexing document seems to ask that I rule on

Jensen's pending motions more quickly.  Because I rule on those motions here, I deny the

"motion to quash" as moot.

### D.   Motion for Reconsideration

On November 12, 2021, Jensen moved to add Tonya Torres as a plaintiff, because she

"wants to be a part of this lawsuit."  Doc. No. 72.  I construed that Jensen's motion arose under

Federal Rule of Civil Procedure 21, which allows the Court to add a party to a lawsuit "on just

terms."  Fed. R. Civ. P. 21.

Rule 20(a) sets forth the requirements for permissive joinder of parties.  It provides that

two or more plaintiffs may be joined in one action if "(A) they assert any right to relief jointly,

severally, or in the alternative with respect to or arising out of the same transaction, occurrence,

or series of transactions or occurrences; and (B) any question of law or fact common to all

plaintiffs will arise in the action."  Fed. R. Civ. P. 20.

On the information provided, I determined that I had no basis to evaluate whether Torres

was a proper party.  Doc. No. 73.  I noted that Jensen's complaint did not mention Torres and

that his motion failed to explain Torres's relationship to the events giving rise to the lawsuit;

observed that the facts alleged in the complaint related only to Jensen, addressing only his Social

Security benefits and bank accounts; and concluded that Torres does not appear to be a proper party. *Id.* I denied Jensen's motion without prejudice, directing him to include detailed allegations if he were to move the Court to add Torres as a party again. *Id.*

Jensen soon moved for reconsideration. Doc. No. 76. I denied that motion, reasoning that Jensen did not provide the detailed factual allegations regarding Torres's connection to the facts giving rise to this lawsuit as I directed in my previous order. Doc. No. 81 (citing Doc. No. 73). In the Motion for Reconsideration, he offered that Torres is a "very close friend" who has "decided to be involved." *Id.* I explained that his friendship, as a matter of law, did not provide a basis on which I may determine that a person is a proper party to a litigation.

Jensen again formally moves for reconsideration, on the basis that he "made clear who Tonya Torres is." Doc. No. 82. In this motion, he describes his relationship with Torres: how she is a "dear" and caring friend who has worked with Jensen at the nonprofit social services agency Marrakech, Inc. for seven years. *Id.* Although Jensen clearly establishes his relationship with Torres, he again fails to explain Torres's relationship to this lawsuit— specifically, the facts alleged in the complaint giving rise to his legal claims. There is no evidence that she also receives SSA benefits, was subject to an allegedly wrongful determination of overpayment, nor that benefits were wrongfully withheld from her. There is no allegation that she, too, has a disability and was discriminated because of it. There is not a shred of evidence that her financial information was forged, as Jensen alleges occurred with respect to his financial information. In sum, it is still unclear that I could provide Torres with the relief that Jensen seeks through this lawsuit— repayment for benefits wrongfully withheld.

Accordingly, I deny Jensen's motion for reconsideration.

21

**IV.    Conclusion**

For the foregoing reasons, I **grant** the defendants' motions to dismiss, **deny** Jensen's

evidentiary motions, **deny** Jensen's motion for reconsideration, and **dismiss** the case.

(1) I **grant** Rubin's motion to substitute, Doc. No. 3; order the Clerk to substitute the

Commissioner of Social Security for Marlene Rubin as the proper defendant; and dismiss Rubin

as a party to the proceeding.

(2) I **grant** TD Bank's Motion to Dismiss, Doc. No. 15, and dismiss Jensen's claim

against TD Bank **without prejudice** for lack of jurisdiction.

(3) I **grant** People's Bank's Mark Odyeniec's Motion to Dismiss, Doc. No. 18, and

dismiss Jensen's claim against People's Bank **without prejudice** for lack of jurisdiction.

(4) I **grant** Federal Defendants' Motion to Dismiss, Doc. No. 28, and dismiss in

substantial part Jensen's claims against the Federal Defendants **without prejudice** to Jensen's

right to challenge any adverse rulings once he has obtained a final decision from the Social

Security Administration, though I dismiss **with prejudice** Jensen's claim of fraudulent

recoupment of benefits for failure to state a claim upon which relief can be granted;

(5) I **grant** Bank of America's Motion to Dismiss, Doc. No. 33, and dismiss Jensen's

claim against Bank of America **without prejudice** for lack of jurisdiction.

(6) I **deny** Jensen's Motion for Subpoenas of State Conversations, Doc. No. 40.

(7) I **deny** Jensen's Motion for Subpoena of SSA Paperwork, Doc. No. 41.

(8) I **deny** Jensen's Motion to Quash, Doc. No. 48, as moot.

(9) I **deny** Jensen's Motion for Subpoena of TD Bank Paperwork, Doc. No. 52.

(10) I **deny** Jensen's Motion for Subpoena for Social Security Paperwork, Doc. No. 53.

(11) I **deny** Jensen's Motion for Subpoena of Bank America Paperwork, Doc. No. 54.

(12) I **deny** Jensen's Motion for Subpoena for Audio Telephone Recordings, Doc. No.

58.

(13) I **deny** Jensen's Motion for Reconsideration, Doc. No. 82.

Jensen has no surviving causes of action.  Thus, I order the Clerk to close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 12th day of January 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge