UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATTHEW JENSEN,<br>         Plaintiff,<br><br>         v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY, et al.,<br>         Defendants. | No. 3:21-cv-482 (SRU) |

### RULING ON MOTION FOR RECONSIDERATION

Matthew Jensen, proceeding *pro se*, alleged that the Social Security Administration ("SSA") wrongfully determined that he had been overpaid benefits, then wrongfully recouped the overpayment via deductions from benefits he received via direct deposit. I construed his complaint to allege that the SSA wrongfully determined that he had been overpaid, discriminated against him on the basis of his disability, and committed fraud; and to allege that the banks at which he received the reduced benefits committed common law fraud in connection with the recoupment deductions. After concluding that I lacked jurisdiction over Jensen's claims because (1) they arose under the Social Security Act and (2) he failed to exhaust administrative remedies, I granted the defendants' motions to dismiss Jensen's complaint.

Jensen now moves for reconsideration of my order of dismissal. Doc. No. 96. However, Jensen has not carried his burden of establishing jurisdiction. Therefore, I **deny** the motion for reconsideration.

I.      **Standard of Review**

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration with seven days of the filing of the decision from which the party seeks relief. D. Conn. Local

R. Civ. P. 7(c).  Nevertheless, Local Rule 7(c) suggests that motions for reconsideration are disfavored, advising that a motion for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." *Id.*  Indeed, the Second Circuit has repeatedly held that "[t]he standard for granting [ ] a motion [for reconsideration] is strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and principally appropriate where there has been "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up).

## II.     Discussion

I dismissed Jensen's claims because I determined that I lacked jurisdiction over them. Nothing in Jensen's motion nor voluminous appendix undermines that legal conclusion.

Federal courts are courts of limited jurisdiction, which means that this Court may not proceed to the substantive factual and legal issues of a case unless it has statutory or constitutional power to adjudicate the issues.  *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff asks the Court to exercise its authority to adjudicate his claims; accordingly, that plaintiff bears the burden of establishing the court's power to hear the claims.  *Makarova*, 201 F.3d at 113.  If a plaintiff cannot carry his burden of establishing jurisdiction, the defect may not be waived by the parties or otherwise overlooked by the Court.  Instead, the constitution requires the Court to dismiss the case.

Here, Jensen brought suit primarily to challenge an SSA determination that he had been overpaid and recovery of the overpayment.  For this Court to have power to adjudicate a

challenge to an SSA decision like the one giving rise to Jensen's lawsuit, a plaintiff must first satisfy the steps Congress requires *before* coming to the federal court for relief. Specifically, Title 42 of the United States Code, section 405(g) requires Jensen to establish that he first availed himself of every remedy provided by the SSA before filing his lawsuit. Jensen must first have sought and obtained (1) an initial determination of eligibility for a waiver of recovery, (2) reconsideration of an adverse decision regarding waiver of recovery, (3) a hearing before an administrative law judge ("ALJ") regarding the determination, and (4) review of the ALJ's decision before the Social Security Appeals Council. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019); 42 U.S.C. § 405(g). After that, Jensen must also satisfy a few additional requirements: a showing that he filed the lawsuit within sixty days of the date the Appeals Council mailed its decision, and also that he filed his lawsuit in the appropriate federal court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Therefore, for this Court to reconsider the dismissal, Jensen must demonstrate that he accomplished the steps I outlined. He does not.

Jensen has submitted 167 pages of evidence that he contends supports the assertions in his complaint on various bases. But none of his submissions provides the piece of evidence needed to metaphorically open this Court's doors, because Jensen does not establish that the SSA rendered a "final decision" that this Court may review.

Indeed, Jensen's submission lends further support for my conclusion that this Court lacks jurisdiction. Jensen provides a letter from the SSA informing him of an overpayment and initiation of $75 monthly recoupment deductions, dated December 30, 2017, Doc. No. 96-1, at 8; an initial request for reconsideration, including a Form SSA-561-U2 Request for Reconsideration, dated December 18, 2020, *id*. at 147; a handwritten letter requesting an appeal, with an obscured date, *id*. at 149-55; and a letter from the SSA dismissing his request for an

appeal because it was not timely and he did not establish good cause for a waiver of the time limit, *id.* at 158. At that point, the appendix ends. Presumably, it ends because Jensen's proceedings with the SSA came to an end. Jensen's voluminous record provides no indication that he sought reconsideration of the denial of his request to appeal; nor any evidence that he participated in a hearing with an ALJ, obtained an adverse determination from the ALJ, and then challenged the adverse ALJ determination to the Appeals Council. Thus, Jensen does not appear to have obtained the "final decision" necessary for this Court to have jurisdiction over his claims.

"Without a final decision, this Court does not have subject matter jurisdiction." *Echeandia v. Berryhill*, No. 3:18 CV 42 (JGM), 2018 WL 1951132, at *3 (D. Conn. Apr. 25, 2018) (citation omitted). No showing of a final decision has been made here. Accordingly, this Court lacks power over the substance of the factual allegations and legal claims in this lawsuit, and it was correct to dismiss the case without prejudice for lack of jurisdiction.

For the foregoing reasons, I **deny** Jensen's Motion for Reconsideration, Doc. No. 96.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of March 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge